UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM HERRIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-77** |
| **TRI-STATE ENVIRONMENTAL, LLC, SEADRILL AMERICAS, INC., AND BP AMERICA PRODUCTION CO.** | **SECTION: T(3)** |

## ORDER

Before the Court are a *Motion to Remand* filed by Plaintiff, William Herrin ("Herrin")[1] and a *Motion for Summary Judgment* filed by Defendant, Tri-State Environmental, LLC ("Tri-State"),[2] both concerning the status of Herrin as a seaman under the Jones Act.

For the following reasons, the motion to remand is **GRANTED**, and the motion for summary judgement is **DENIED.**

## FACTUAL BACKGROUND

In 2012, Herrin was hired as a technician by Tri-State, an environmental cleaning company providing cleaning services to oil and gas industry clients.[3] At the commencement of his employment, and until 2015 or 2016, Herrin worked for Tri-State in Texas.[4] Herrin was promoted to a supervisor position with Tri-State in 2014 or 2015.[5] At that time, Herrin moved to Mississippi to continue working for Tri-State based on his understanding that his position in the "land division" was terminating and he could continue work if he moved to the "offshore division."[6] Herrin's

---

[1] R. Doc. 15.
[2] R. Doc. 13.
[3] R. Doc. 18.
[4] R. Doc 15-1.
[5] R. Doc. 15-1.
[6] R. Doc. 15-1.

1

position included cleaning the mud systems in place on the drilling rigs, which he alleges is necessary for the vessels to continue operation.[7] While working offshore from 2016-2021, Herrin frequently worked on board Diamond Offshore drillships, including the WEST VELA[8]

On or about May 26, 2021, while working aboard the WEST VELA, Herrin alleges he was injured while moving equipment.[9] At the time Herrin sustained the purported injury, the WEST VELA was located in the Gulf of Mexico, on the outer continental shelf.[10] As a result of his injury, Herrin alleges he has continued lower back and leg complaints, and underwent a surgical procedure at L4-5 in June, 2021.[11]

Herrin filed suit in 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, naming three defendants: (1) Tri-State, as his alleged Jones Act employer; (2) Seadrill Americas, Inc. ("Seadrill"), as the owner/operator of the drill ship WEST VELA; and (3) BP America Production Co. ("BP"), the alleged provider of drilling and/or contracting services on the WEST VELA.[12] BP timely removed the case to this Court,[13] with consent of its co-defendants, citing three bases for jurisdiction: federal question under the Outer Continental Shelf Lands Act,[14] diversity of citizenship,[15] and admiralty jurisdiction.[16]

---

[7] R. Doc. 15-1.
[8] R. Doc. 1-3.
[9] R. Doc. 1-1.
[10] R. Doc. 15-1.
[11] R. Doc. 15-1.
[12] R. Doc. 1-1.
[13] R. Doc. 1.
[14] 43 U.S.C. §§ 1331, et seq.
[15] 28 U.S.C. § 1332. While it appears that Tri-State is an LLC organized under the laws of Louisiana, with two of its three members being citizens of Louisiana, the Defendants allege that Herrin's Jones Act claim is fraudulently pleaded against Tri-State, and therefore the lack of diversity is a non-issue as Tri-State is an improperly joined party. *See Walker v. Nabors Offshore Drilling, Inc.*, 91 F. Supp. 2d 907, 909 9 E.D. La. 2000)(citing *Jernigan v. Ashland Oil Inc.*, 898 F.2d 812, 815 (5th Cir. 1993).
[16] 28 U.S.C. § 1333(1).

Subsequently, Tri-State filed a Motion for Summary Judgment seeking to dismiss the Jones Act claim against it as fraudulently pled.[17] Herrin filed an opposition to summary judgment.[18] Tri-State filed a reply.[19] Six days after Tri-State filed its Motion for Summary Judgment, Herrin filed a Motion to Remand based on the non-removable nature of Jones Act claims, further alleging that the Defendants could not carry their burden of proving that Herrin's Jones Act claims were fraudulently pled.[20] BP, Seadrill, and Tri-State opposed the Motion to Remand.[21] Herrin filed a reply,[22] and BP filed a sur-reply.[23]

During the pendency of both of the instant motions, the claims against BP and Seadrill were voluntarily dismissed by Herrin.[24] Therefore, the only remaining parties in this matter are Herrin and Tri-State, and the sole issue to be determined to resolve both the Motion to Remand and the Motion for Summary Judgment is the status of Herrin as a Jones Act seaman.

## **LAW AND ANALYSIS**

The Jones Act authorizes seamen injured in the course and scope of their employment to bring a civil action against their employer with the right to trial by jury.[25] Under the Saving to Suitors clause, a plaintiff may bring an admiralty claim in either state or federal court.[26] As a general rule, Jones Act claims are not subject to removal from state courts.[27] In certain circumstances, however, defendants may "pierce the pleadings" to show that a claim has been

---

[17] R. Doc. 13.
[18] R. Doc. 17.
[19] R. Doc. 25.
[20] R. Doc. 15.
[21] R. Docs. 18, 19.
[22] R. Doc. 28.
[23] R. Doc. 31.
[24] R. Doc. 42.
[25] 46 U.S.C. § 30104.
[26] *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1542 (5th Cir. 1991).
[27] *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993); *Burchett v. Cargill, Inc.*, 48 f.3d 173, 175 (5th Cir. 1995).

fraudulently pleaded to prevent removal.[28] In its determination of whether remand is warranted, the court may use a "summary judgment-like procedure," resolving all disputed questions of fact and ambiguities of law in favor of the plaintiff.[29] The defendant bears the burden of proving the plaintiff cannot possibly establish a cause of action.[30] Denial of remand is appropriate only when the court determines that "as a matter of law there [is] no reasonable basis for predicting that the plaintiff might establish liability."[31]

Only seamen may make claims under the Jones Act, though Congress did not provide a statutory definition within the act.[32] Instead, jurisprudence provides a two prong test regarding who qualifies as a seaman under the Jones Act.[33] First, the plaintiff must demonstrate that his duties "contribute to the function of the vessel or to the accomplishment of its mission."[34] In order to satisfy the first prong, a plaintiff must simply "show that he 'do[es] the ship's work'" which includes "all who work at sea in the service of a ship."[35] Second, the plaintiff must have a "connection to a vessel in navigation (or an identifiable group of such vessels) that is substantial in terms of both its duration and its nature."[36] Under the second prong of analysis, a worker must generally spend at least 30% of his time in service to the vessel to meet the substantial connection requirement.[37]

---

[28] *Id*.
[29] *Id*.
[30] *Id*. (citing *Lackey*, 990 F.2d at 207).
[31] *Id*.
[32] *Sanchez v. Smart Fabricators of Tex., L.L.C.*, 997 F.3d 564, 569 (5th Cir. 2021)(en banc).
[33] *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 554 (1997 (quoting *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995).
[34] *Chandris*, 515 U.S. at 368.
[35] *Becker v. Tidewater, Inc.*, 335 F.3d 376, 387-88 (5th Cir. 2003).
[36] *Chandris*, 515 U.S. at 368.
[37] *Id*. at 371.

As a general rule, the status of a maritime employee is "determined in the context of his entire employment."[38] There is a narrow exception to calculating time spent in substantial connection to the vessel: if a maritime employee receives either a new work assignment wherein his essential duties are changed, or his work location is permanently changed.[39] The reassignment exception applies only if the employee "has undergone a substantial change in status, not simply by serving on a boat sporadically."[40] If either of those circumstances occur, the worker's substantiality requirement is calculated from the date of the change in duties or work location.[41]

Herrin argues that this case should be remanded, asserting Tri-State has not satisfied its burden of proof in showing no possibility exists for Herrin to prove liability. In response, Tri-State argues Herrin's work when taken as a whole does not satisfy the substantial connection factor of the seaman analysis. In support of their respective positions, both parties submit declarations of purported facts. Herrin, in his declaration, re-avers the assertions in his petition that based on his understanding, he was permanently transferred from a land division to an offshore position. Tri-State submits declarations from Ryan Gisclair, Tri-State's Health, Safety, and Environmental Director,[42] which include excel spreadsheets of Herrin's employment history in number of days worked.

There is no dispute as to the first prong of the seaman analysis based on the parties' arguments. Indeed, it is clear from the pleadings that Herrin's position as a technician satisfies the low bar of "doing the ship's work." As to the second prong of analysis, the parties agree that, taken

---

[38] *Barrett v. Chevron, U.S.A., Inc.*, 781 F.2d 1067, 1075 (5th Cir. 1986).
[39] *Id*. at 372. *See also Wilcox v. Wild Well Control, Inc.*, 794 F.3d 531, 536 (5th Cir. 2015)(If an employee "receives a new work assignment before his accident in which either his essential duties or his work location is permanently changed, he is entitled to have the assessment of the substantiality of his vessel-related work made on the basis of his activities in his new job.")
[40] *Wilcox*, 394 F.3d at 536.
[41] *Id.*
[42] R. Docs. 18-2, 13-2.

as a whole, Herrin does not meet the 30% threshold of time worked offshore to satisfy the bar for a substantial connection to a vessel. Moreover, the parties agree Herrin received a new title in late 2013 or 2014, which added the responsibility of management of other Tri-State workers. However, Herrin avers he was permanently reassigned to work in the offshore division in or about 2015 or 2016. Tri-State maintains its position that there are no divisions within its structure, and that by its very nature Tri-State does not permanently assign employees to work on land or at sea, with technicians being assigned work locations on a job-to-job basis depending on client requests. Tri-State concedes that customers in recent years have requested primarily offshore jobs, but reiterates that Herrin could possibly be sent on jobs on land in the future.

An employer's claim that an employee was subject to reassignment to non-seaman status does not necessarily preclude seaman status.[43] All disputed questions of fact must be resolved in favor of the plaintiff.[44] A review of the spreadsheet and declarations of both parties indeed shows that Herrin worked primarily offshore after 2016. If 2015 is taken into account, Herrin does not meet the threshold 30% requirement. However, to the extent that Herrin's petition for damages is ambiguous as to the precise year he was allegedly reassigned, consideration from 2016 forward is also considered at this juncture. While Tri-State may be able to show that Herrin's employment records do not reflect a permanent reassignment or a distinct, substantial shift in employment status, no such evidence has been presented sufficient to bar any possibility of Herrin proving liability. By way of example, Tri-State's spreadsheet reveals that, from 2016 through the date of injury in 2021, Herrin worked only a single day on a land rig.[45]  A reasonable juror, when faced

---

[43] *Parker v. Jackup Boat Service, LLC*, 542 F. Supp. 2d 481, 489 (E.D. La. 2008) (citing *Becker v. Tidewater, Inc.* 335 F.3d 376, 392 (5th Cir. 2003)).
[44] *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995)(citing *Carriere v. Sears roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).
[45] R. Doc. 13-2.

with this evidence, may rationally determine that due to the substantial shift in time spent offshore in or about 2016, Herrin qualifies as a Jones Act seaman.

With all disputed questions of fact found in favor of Herrin, Tri-State has failed to carry its heavy burden of showing there is no possibility Herrin can establish a cause of action. As such, this matter is appropriately remanded to state court. Accordingly, Herrin's Motion to Remand is **GRANTED**, and Tri-State's Motion for Summary Judgment is **DENIED.**

## CONCLUSION

For the above reasons, **IT IS SO ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

New Orleans, Louisiana this  30th  day of September, 2022.

_____
Hon. Greg Gerard Guidry
United States District Judge